UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CODY JOHNSON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 24-cv-4125 |
| | ) |
| BOBI JAMES, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and detained at the Hancock County Jail, files a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff names State's Attorney Bobi James, Hancock County Jail Administrator Kelly Twaddle, dispatcher Christopher Becker, and correctional officers Grant James, Nicole Johnson, Cole, and Austin as Defendants.

First, Plaintiff alleges he received legal mail from his attorney on an unspecified date, but the package was unlawfully opened before it was delivered to him. Plaintiff filed a grievance with

Defendant Twaddle, the Jail Administrator. Instead of following the proper grievance procedure and providing a written response, Defendant Twaddle allegedly contacted Defendant Bobi James, the State's Attorney, "to justify their wrongdoing." (Doc. 1 at p. 6).

Plaintiff alleges he received another legal package from his attorney on February 4, 2022, and that Defendants Cole and Austin opened and viewed his legal mail before delivering to him.

On July 14, 2023, Plaintiff claims that Defendant Becker unlawfully opened legal mail from his attorney and that Defendant Johnson taped it up before delivering it to Plaintiff.

On August 3, 2023, Plaintiff alleges that Defendant James opened his legal mail from the U.S. District Court before delivering it to him.

Plaintiff claims that Defendants violated his constitutional rights and the attorney-client privilege in case number 20-CF-125 by opening and viewing his legal mail.

## ANALYSIS

Inmates have a First Amendment right both to send and receive mail but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband. *Kaufman v. McCaughtry*, 419 F.3d 678, 685 (7th Cir. 2005) (internal citations omitted)). An inmate's legal mail, however, is entitled to greater protections because of the potential for interference with his right of access to the courts. *Id*. at 685-86 (citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (interference with mail violates right to free speech and association). Thus, when a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence. *Kaufman*, 419 F.3d at 686 (citing *Wolff v. McDonnell,* 418 U.S. 539, 577 (1974); *Castillo v. Cook Cnty. Mail Room Dep't,* 990 F.2d 304, 305-06 (7th Cir. 1993)). Plaintiff states enough at this

juncture to proceed on a First Amendment claim against Defendants Cole and Austin for opening his legal mail on February 4, 2022, a First Amendment claim against Defendants Becker and Johnson for allegedly opening and/or interfering with his legal mail on July 14, 2023, and a First Amendment claim against Defendant Grant James for opening his legal mail on August 3, 2023.

Plaintiff fails to state any claim regarding what he labeled as claim "No. 1" in his Complaint. (Doc. 1 at p. 5). Although Plaintiff alleged a legal package from his attorney was unlawfully opened, but he did not indicate when this occurred or which Defendants were involved. This claim is DISMISSED WITHOUT PREJUDICE.

Plaintiff alleges Defendant Twaddle did not follow proper grievance procedures and did not respond of one of grievances. "[T]he Constitution does not obligate prisons to provide a grievance process, nor does the existence of a grievance process itself create a protected interest." *Montanez v. Feinerman*, 439 F. App'x 545, 547-48 (7th Cir. 2011) (citing *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011)); *Grieveson v. Anderson*, 538 F.3d 763, 772-73 (7th Cir. 2008). "[T]he mishandling of an inmate grievance alone cannot be a basis for liability under § 1983." *Montanez*, 439 F. App'x at 547 (citing *Owens*, 635 F.3d at 953-54); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *see Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005). Defendant Twaddle is DISMISSED WITHOUT PREJUDICIE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

Plaintiff's sparse allegations against Defendant State's Attorney Bobi James are also insufficient to state a claim. In addition, prosecutors are immune from lawsuits based on their conduct associated with prosecuting a criminal case. *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017). Defendant Bobi James is DISMISSED WITHOUT PREJUDICIE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

## MOTIONS TO REQUEST COUNSEL

Plaintiff filed two duplicative Motions to Request Counsel asking the Court to appoint an attorney to represent him. (Docs. 5 and 6). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a request for counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Demonstrating a reasonable attempt to obtain counsel "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citing *Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017)). Plaintiff attached only two letters from attorneys who declined to accept his case. Demonstrating a reasonable effort to obtain representation typically requires submitting letters from several attorneys declining assistance and copies of any documents which show Plaintiff tried to find an attorney. *See Olson*, 750 F.3d at 711. The Court finds that Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Therefore, Plaintiff's Motions are DENIED. If Plaintiff renews his request for counsel, he is directed to attach copies of letters he sent to or received from prospective counsel and list additional attorneys or law firms he contacted and indicate whether he received a response.

**IT IS THEREFORE ORDERED:**

1.    According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, this case shall proceed on a First Amendment claim against Defendants Christopher Becker, Grant James, Nicole Johnson, Cole, and Austin for allegedly interfering with Plaintiff's legal mail, as stated above. Additional claims shall not be included in the case above, except in the

Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2. The Clerk is directed to ADD Cole and Austin (correctional officers) as Defendants.

3. Defendants Bobi James and Kelly Twaddle are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE Defendants Bobi James and Kelly Twaddle.

4. Plaintiff's Motions to Request Counsel [5], [6] are DENIED.

5. Plaintiff's Motions for Status [9], [10], [11], [12], [13] are MOOT.

6. This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

7. The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

8. Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court

does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

9. If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

10. This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

11. Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

12. Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

13. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: 1/7/2025

s/ James E. Shadid<br>
James E. Shadid<br>
United States District Judge