IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CODY JOHNSON,<br>    Plaintiff,<br><br>v.<br><br>GRANT JAMES, *et al.*,<br>    Defendants. | Case No. 4:24-cv-04125-JEH |

### Order

This matter is now before the Court on Plaintiff's Motion for Reconsideration for Leave to File Amended Complaint. (Doc. 60). For the reasons stated below, Plaintiff's Motion is DENIED.

**I**

On July 15, 2024, Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was detained at the Hancock County Jail ("HCJ"). (Doc. 1). On January 7, 2025, the Court issued a Merit Review Order and allowed Plaintiff to proceed against Defendants Nicole Johnson, Grant James, Christopher Becker, Cole Cornwell, and Austin Shuman for allegedly violating his First and Fourteenth Amendment rights by opening his legal mail without justification on February 4, 2022, July 14, 2023, and August 3, 2023. (Doc. 14). The Court dismissed HCJ Administrator Kelly Twaddle ("Administrator Twaddle") and Hancock County State's Attorney Bobi James ("SA James") without prejudice for failure to state a claim. *Id*.

Defendants filed their Answer and Affirmative Defenses on February 24, 2025. (Doc. 25). On February 28, 2025, the Court entered a Scheduling Order, which

set a 90-day deadline of May 29, 2025 for Plaintiff to seek leave to amend his Complaint; a discovery closure date of August 28, 2025; and a dispositive motion due date of September 29, 2025. (Doc. 26).

On December 19, 2025, Plaintiff filed his first Motion for Leave to File Amended Complaint, which the Court denied because Plaintiff failed to attach his proposed Amended Complaint. (Doc. 53; d/e 12/22/2025). On December 23, 2025, Plaintiff filed his second Motion for Leave to File Amended Complaint, which the Court denied because Plaintiff did not sign his proposed Amended Complaint, as required by Federal Rule of Civil Procedure 11. (Doc. 54; d/e 12/29/2025).

On January 6, 2026, Defendants filed their Motion for Summary Judgment. (Doc. 55). The same day, Plaintiff filed a "Motion for Reconsideration for Leave to File Amended Complaint" and attached his Motion for Leave to File Amended Complaint and a signed Amended Complaint. (Doc. 60). Defendants filed a Response in opposition on January 23, 2026. (Doc. 66).

II

The Court will interpret Plaintiff's Motion as a renewed Motion for Leave to File Amended Complaint instead of a Motion for Reconsideration. (Doc. 60). Federal Rule of Civil Procedure 15(a)(2) provides that the Court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). In this case, the time allowed for amendments has long since passed. (Doc. 26). As a result, Plaintiff's Motion must be reviewed under the "heightened good-cause standard of Rule 16(b)(4)." *Brehmer v. Dittman*, No. 13-0888, 2014 WL 3404977, at *9 (E.D. Wis. July 10, 2014) (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011)). "[A]mong the aims of Rule 16 are to prevent parties from delaying or procrastinating and to keep the case 'moving toward trial.'" *Id.* at 720. In

determining whether there is good cause to allow the amendment, the Court is to consider "the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (upholding trial court's denial of leave to amend which was asserted nine months after the deadline). "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

### III

In his Motion, Plaintiff asks the Court to reinstate Administrator Twaddle and SA James as Defendants, add claims for collusion/conspiracy and retaliation, and add Hancock County's insurance carrier as a necessary party. The proposed Amended Complaint contains the following new allegations regarding the individual Defendants:

> [I]ncluded Exhibit marked A . . . court proceeding transcript of August 2, 2021. Essentially instructing the Jail Administrator Twaddle and or [Bobi] James to address the violation of my rights of attorney client privilege, mail being open.
>
> In retaliation of Plaintiff informing the criminal [sic] in Case No. 20 CF 125 of this matter, [Bobi] James, Shuman, Cornwell, Johnson, Becker, Twaddle, Grant James, in collusion continued to open my legal mail unlawfully on the dates of July 14th, 2023 and also August 3rd, 2023.

(Doc. 60 at p. 10, ¶¶ 4-5). Exhibit A is a transcript from a state court hearing on August 2, 2021, in Plaintiff's criminal case. During the hearing, Plaintiff's counsel informed the court that one piece of Plaintiff's legal mail had been opened outside of his presence by an unidentified person. *Id.* at p. 16.

3

Plaintiff does not demonstrate good cause under Rule 16(b)(4) for seeking leave to amend over seven months after the deadline of May 29, 2025. Plaintiff's amended pleading attempts to add what appears to be retaliation and conspiracy claims against previously dismissed Defendants Administrator Twaddle and SA James and the current Defendants. His new claims arise out of an August 2, 2021 criminal court hearing, which Plaintiff now alleges for the first time was the impetus for his legal mail being opened on February 4, 2022, July 14, 2023, and August 3, 2023.

Plaintiff was present at the hearing on August 2, 2021, and was aware of his potential claims for retaliation and conspiracy when he first filed his Complaint nearly three years later on July 15, 2024. The Complaint included all three dates his legal mail was allegedly opened. Therefore, there was nothing preventing Plaintiff from including his retaliation or conspiracy theories of liability in his initial Complaint. *See Trustmark*, 424 F.3d at 553. Similarly, "it is reasonable to conclude that a plaintiff is not diligent when he in silence watches a deadline pass even though he has good reason to act or seek an extension of the deadline." *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022). Plaintiff has not demonstrated good cause for failing to include these claims in his original Complaint.

Even if Plaintiff had demonstrated good cause, allowing Plaintiff to amend his Complaint would be futile, as the new claims would not survive a Rule 12(b)(6) motion to dismiss. To survive such a motion, a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If it only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," the complaint fails to satisfy the pleading requirements and dismissal is appropriate. *Twombly*, 550 U.S. at 555.

Merely alleging facts demonstrating the possibility, rather than the plausibility, that a claim exists, is therefore insufficient. *Id.*

Here, Plaintiff presents a conclusory allegation that Administrator Twaddle and SA James retaliated against him because his attorney complained during a state court hearing in August 2021 about his legal mail having been opened and that they acted in collusion with the current Defendants by allowing his legal mail to be opened on three additional occasions. To prevail on a retaliation claim, Plaintiff "must establish that (1) [he] engaged in activity protected by the First Amendment, (2) [he] suffered a deprivation that would likely deter First Amendment activity in the future, and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (citation and internal quotation marks omitted). "To establish § 1983 liability on a conspiracy theory, [Plaintiff] must demonstrate that [a] private party . . . reached an understanding with state officials to deprive h[im] of h[is] constitutional rights." *Shelton v. Bump*, 118 F. App'x 69, 71 (7th Cir. 2004). Plaintiff's threadbare and conclusory allegations are insufficient to proceed on a retaliation claim or conspiracy claim.

Plaintiff's request to add Hancock County's insurance carrier solely because he believes it is a necessary party for indemnification purposes is futile. In Defendants' Response, Defendants state that the County affirmatively represents to the Court that it will agree to indemnify Defendants for any judgment for compensatory damages, as required by Illinois statute. *See* 745 ILCS 10/2-302 (local government entity can choose to indemnify its employees acting within the scope of their employment for compensatory damages). (Doc. 66 at p. 11).

Finally, the Court finds Defendants would be unduly prejudiced by allowing the amendment. Discovery closed on August 28, 2025, and Defendants filed a Motion for Summary Judgment on January 6, 2026. As Defendants' Motion

for Summary Judgment explains, Plaintiff's lawsuit seeks redress for the allegedly improper interference with his legal mail under the First and Fourteenth Amendments. (Doc. 55). Plaintiff is required to demonstrate (1) the frustration of a non-frivolous legal claim, (2) that each Defendant acted intentionally or recklessly, (3) that there were repeated infractions amounting to more than isolated incidents of mail interference, and (4) that the mail was, in fact, legal mail. *Id.* at pp. 9-10.

In their Response, Defendants argue that allowing Plaintiff to proceed on new claims would require reopening discovery to depose Plaintiff a second time and to conduct discovery regarding whether Administrator Twaddle, SA James, or the current Defendants reached an agreement to conspire against Plaintiff. Defendants would also need to file another Motion for Summary Judgment.

The Court finds the addition of new claims several months after discovery closed and after an extensive Motion for Summary Judgment was filed would cause undue prejudice. *See Brown v. Wexford Health Sources, Inc.*, No. 23-CV-00107-SPM, 2025 WL 3248170, at *2 (S.D. Ill. Nov. 21, 2025) ("Undue delay is most likely to result in undue prejudice when a combination of factors, including delay in proceedings without explanation, no change in the facts since the filing of the original complaint, and new theories that require additional discovery, occur together."); *see also McDavid Knee Guard, Inc. v. Nike USA, Inc.*, No. 08 CV 6584, 2010 WL 151998, at *4 (N.D. Ill. Jan. 14, 2010) ("Undue prejudice occurs when the amendment brings in entirely new and separate claims … or at least entails more than an alternative claim or a change in the allegations in the complaint and when the additional discovery is expensive and time-consuming.") (internal quotations and citation omitted). Therefore, Plaintiff's Motion is DENIED.

**IT IS THEREFORE ORDERED:**

(1) Plaintiff's Motion for Reconsideration for Leave to File Amended Complaint [60] is DENIED.

(2) Plaintiff is directed to file a response to Defendants' Motion for Summary Judgment [55] on or before March 12, 2026.

*It is so ordered.*

Entered: February 10, 2026

<u>s/Jonathan E. Hawley</u>
U.S. District Judge